[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The defendant Howard Batchelor had filed a workers' compensation claim alleging that he suffered from a lung disease as the result of his exposure to asbestos in the course of his work as a laborer. Almost all of that employment was with E F Construction Company, which had insured its workers' compensation risk serially with several carriers. On November 5, 1996, after a formal hearing, the workers' compensation commissioner found that Batchelor suffered from an occupational lung disease, was partially disabled as a result, and was entitled to receive workers' compensation benefits.
Pursuant to General Statutes Sec. 31-299b, the carrier which insured E F at the time of Batchelor's last injurious exposure to asbestos should have made full payment of all benefits due and then proceeded to a hearing to apportion liability among all other insurers similarly responsible for the asbestos disease. This last carrier was Liberty Mutual Insurance Company, which has not yet made payment because it filed an appeal with the Compensation Review Board, asserting that the trial commissioner had miscalculated Batchelor's wage rate.
One of the insurers against which Liberty Mutual would eventually seek to apportion liability and recoup some of its mandated payment is American Mutual Liability Insurance Company, a carrier which is now insolvent. The plaintiff in this case, the Connecticut Insurance Guaranty Association ("CIGA"), is statutorily obligated to pay the "covered claims" of insolvent carriers like American Mutual, but it points out that a "covered claim" does not include "any amount due any . . . insurer . . . as subrogation . . . or otherwise," General Statutes Sec. 38-838 (6)(c). Accordingly, CIGA contends that by statute it may not make a payment to Liberty Mutual as part of any apportionment of liability for Batchelor' s injury, and it has brought this declaratory judgment action seeking judicial confirmation of that contention. This case thus requires the court to examine and rationalize the language and purposes of the Connecticut Insurance Guarantee Act CT Page 153 and the Workers' Compensation Act in order to determine whether a workers' compensation commissioner, in apportioning among several insurers the responsibility to pay an award to an employee, may require the Connecticut Insurance Guarantee Fund to make a payment on behalf on an insolvent insurer when that payment will eventually make its way to another insurer.
CIGA now seeks summary judgment, based on its assertion that there are no factual issues in dispute and that it is entitled to judgment as a matter of law. There are, indeed, no material facts in dispute, and as to the law, this case is controlled by the recently decided Hunnihanv. Mattatuck Manufacturing Company, et al, 243 Conn. 438 (1997). For the reasons outlined in that decision, any payment by CIGA to Liberty Mutual would be prohibited by General Statutes Sec. 38 838 (6)(c), and CIGA's motion for summary judgment is therefore granted.
Jonathan E. Silbert, Judge